No. 63295.—Aldrich Chemical Company, Inc. v. United States, protest 313757–K (Milwaukee).

Wilson, Judge:   The merchandise in the case at bar, invoiced as "2-Ethyl-3-methyl-4-carbethoxy-2-cyclohexene-1-one" was assessed for duty under paragraph 27(a) of the Tariff Act of 1930, as amended by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, supplemented by T.D. 52820, at the rate of 3½ cents per pound and 25 per centum ad valorem as a coal-tar product.   Plaintiff claims the merchandise properly classifiable under paragraph 5 of said act, as amended by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108.

Dr. Alfred Bader, the only witness in the case, testified on behalf of the plaintiff substantially as follows: That he holds, among others, a degree in chemical engineering from Queen's University, Canada, as well as a master of science degree in organic chemistry from the same institution; that, from 1950

to 1954, he was research chemist and group leader in charge of organic chemistry with the Pittsburgh Plate Glass Co., Milwaukee, Wis., and is presently chief chemist with and part owner of the plaintiff corporation. His relevant testimony was to the effect that the product in question is not of coal-tar origin, in that the ingredients employed to make the imported material are not of coal-tar origin.

The aforesaid conclusion of plaintiff's witness as to the composition of the importation at bar was supported by a report (plaintiff's collective exhibit 1) from the manufacturer of the product outlining in detail its method of production and wherein it is further stated:

None of the starting materials in this preparation is of coal-tar origin.

Government counsel, at the trial, stated in the above connection that "there was no analysis made of this merchandise by the Government chemist. We didn't have a sample and that is the reason for it." (R. 6.)

On the basis of the record here presented, we are of opinion and hold that the merchandise in question is not a coal-tar product as classified but that it is properly classifiable under paragraph 5 of the tariff act, as amended, *supra*, at the rate of 11½ per centum ad valorem, as a chemical compound, not specially provided for, as claimed.

The protest is sustained. Judgment will be rendered accordingly.